UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Honorable Noel L. Hillman |
| v : | |
| : | |
| ADAM LACERDA, : | |
| a/k/a "Robert Klein," : | Criminal No. 12-303 (NLH) |
| ASHLEY R. LACERDA, : | |
| STEVEN COX, : | |
| a/k/a "Steve Coluzzi," : | STIPULATION FOR |
| ALFRED GIORDANO, : | PROTECTIVE ORDER |
| a/k/a "Alex Jordan," : | |
| FRANCIS SANTORE, : | |
| a/k/a "Frank Martin," : | |
| BRIAN CORLEY, : | |
| a/k/a "John Corley, and : | |
| JOSEPH DIVENTI : | |
| : | |
| Defendants. : | |

This matter comes before the Court on the application of the United States and defendants Adam Lacerda, a/k/a "Robert Klein," Ashley R. Lacerda, Steven Cox, a/k/a "Steve Coluzzi," Alfred Giordano, a/k/a "Alex Jordan," Francis Santore, a/k/a "Frank Martin," Brian Corley, a/k/a "John Corley," and Joseph Diventi (hereinafter, the "Defendants") by and through their undersigned counsel, requesting this Court to issue an Order protecting from disclosure to the public any documents, the information contained therein, and other information provided by the Government to Defendants pursuant to Federal Rule of Criminal Procedure 16, Title 18, United States Code, Section 3500, <u>Brady v. Maryland</u>, <u>United States v. Giglio</u>, or the Court's Standing Order for Discovery and Inspection, that contain the personal identifying information such as account numbers, Social Security numbers, driver's licenses numbers, dates of birth, phone

-1-

numbers, Email addresses or physical addresses, of participants, witnesses and victims in this case. Such documents shall be referred to hereinafter as "Protected Documents." The parties state as follows:

1. Due to the nature and scope of the alleged scheme, discovery in this case is voluminous.

2. Protected Documents which may be used by the parties include personal identifiers such as account numbers, Social Security numbers, driver's license numbers, dates of birth, phone numbers, Email addresses or physical addresses of participants, witnesses, and victims. Many of these documents include personal identifiers which may constitute evidence in this case.

3. The United States agrees to make available and provide Protected Documents to the Defendants without redacting the personal identifiers of participants, witnesses, and victims, with the possible exception of certain materials it reserves the right to produce in redacted form.

4. Access to Protected Documents will be restricted to personnel authorized by the Court, namely the Defendants, attorneys of record, and their associated counsel, paralegals, investigators, experts (retained pursuant to a written retainer agreement, by Defendants and/or their counsel in connection with the criminal case), secretaries employed by the attorneys of record and performing services on behalf of the Defendants, prospective witnesses (to the extent deemed necessary by defense counsel, for trial preparation) and such other persons as hereafter may be authorized by the Government or the Court upon motion by the Defendants. Protected Documents may not be given to or remain in the custody of prospective witnesses.

5. The following restrictions will be placed on the above-designated individuals

unless further ordered by the Court. The above-designated individuals shall not:

    a. Make copies of the Protected Documents for, or allow copies of any kind to be made by, any other person, or allow the Protected Documents to be otherwise disseminated;

    b. Otherwise allow Defendants to retain copies of the Protected Documents (unless redacted of the personal information);

    c. Allow any other person to read Protected Documents;

    d. Use Protected Documents for any other purpose other than preparing to defend against the charges in the Indictment or any further superseding indictments arising out of this case; and

    e. Disclose the Protected Documents in any form to members of the media or permit the Protected Documents to be used for any commercial or business purpose.

6. Defendants' attorneys shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Court's Order. Defendants' attorneys shall provide that person a copy of this Order. The designated persons shall be subject to the terms of this Order. Defendants and/or their counsel shall maintain a record of all such persons who have received Protected Documents.

7. Defendants and/or their counsel may not disclose Protected Documents to any person not identified in paragraph 4 above unless Defendants and/or their counsel make a written request to the Government for an exception to these restrictions, and such a request is granted. The Government shall make all reasonable efforts to accommodate such exceptions. If such exceptions are refused, Defendants and/or their counsel may seek relief from the Court.

8. Counsel for Defendants shall store any Protected Documents in a secure place and

shall use reasonable care to ensure that the Protected Documents are not disclosed or disseminated to any third party in violation of this Protective Order. In the event of any inadvertent disclosure of Protected Documents, counsel for Defendants shall promptly notify the Court and the Government as to the identity of the recipient of the inadvertently produced Protected Documents and shall use all reasonable efforts to secure the return or destruction of the inadvertently produced Protected Documents.

9. The requested restrictions shall not restrict the use or introduction as evidence of discovery documents containing personal identifiers such as account numbers, Social Security numbers, driver's license numbers, dates of birth, phone numbers, Email addresses or physical addresses during the trial in this matter, if the inclusion of personal identifiers is relevant to the case and the Court and the Government are given prior notice of Defendants' intent to use such document at trial.

10. This stipulation is binding on all future and successor counsel.

11. The Defendants and/or their counsel agree that they have no ownership or proprietary interest in the materials subject to this Protective Order. Upon conclusion of this litigation, Defendants' attorneys shall return to counsel for the United States, or destroy and certify to counsel for the United States, the destruction of all documents containing personal identifiers such as account numbers, Social Security numbers, driver's license numbers, dates of birth, phone numbers, Email addresses or physical addresses within a reasonable time, not to exceed thirty days after Defendants have exhausted all appellate rights or acquittal at trial, whichever occurs.

Form and entry consented to:
PAUL J. FISHMAN
UNITED STATES ATTORNEY

_____
Alyson M. Oswald
R. David Walk, Jr.
Assistant U.S. Attorneys

_____
Marc Neff, Esquire
Counsel for defendant Adam Lacerda

_____
Mark E. Cedrone, Esquire
Counsel for defendant Adam Lacerda

_____
Charles H. Nugent, Jr., Esquire
Counsel for defendant Ashley R. Lacerda

_____
Jeffrey M. Miller, Esquire
Counsel for defendant Steven Cox

_____
Martin I. Isenberg, Esquire
Counsel for defendant Alfred Giordano

_____
Robert Mintz, Esquire
Counsel for defendant Francis Santore

_____
Jose L. Ongay, Esquire
Counsel for defendant Brian Corley

_____
Brian S. O'Malley, Esquire
Counsel for defendant Joseph Diventi

**ORDER**

IT IS SO ORDERED this 26th day of November, 2012

_____
HONORABLE NOEL L. HILLMAN
UNITED STATES DISTRICT JUDGE

Camden, New Jersey